UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

WALTER ROBINSON,

                  Petitioner,                      Case No. 1:12-cv-394

v.                                        Honorable Robert J. Jonker

SHIRLEE HARRY,

                  Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Walter V. Robinson presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Cooper Street Correctional Facility.  On September 29, 2009, Petitioner pleaded guilty in the Berrien County Circuit Court to second-degree home invasion, MICH. COMP. LAWS § 750.110a(3), as a second felony offender, MICH. COMP. LAWS § 769.10.  He was sentenced on November 13, 2009 to a prison term of 4 years to 22 years and 5 months. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, contending that the trial court had erred in refusing to dismiss the charge for violation of the statutory 180-day rule.  The appellate courts denied leave to appeal on March 4, 2010 and July 26, 2010, respectively.  Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.  In addition, he did not file a habeas corpus petition with respect to the November 13, 2009 judgment.

In the instant habeas petition, filed April 20, 2012,[1] Petitioner challenges an amended judgment of sentence issued by the Berrien County Circuit Court on April 6, 2010.  The amended judgment modified the original judgment by eliminating the 114 days of jail credit that Petitioner initially had been awarded.  Petitioner contends that entry of the new judgment violated the Due Process Clause by depriving him of his jail credits, in direct contradiction of the court's original findings on the record that Petitioner was not on parole at the time of the sentence.  He claims that

---

[1]Petitioner's original habeas petition in this action was dated April 20, 2012 and was received by this Court on April 24, 2012.  The Court subsequently ordered Petitioner to file both an amended petition and a second-amended petition, in order to obtain all of the information necessary to complete initial review under Rule 4 of the Rules Governing Habeas Corpus Proceedings under Section 2254.  Because Petitioner has not raised any new claims since his original petition was filed, the date that petition was filed governs the timeliness of the habeas application.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Thus, the petition must have been handed to prison officials for mailing at some time between April 20 and April 24, 2012.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

the amended judgment was entered without a hearing, following a unilateral inquiry to the court by

the Central Time Computation Unit of the MDOC.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured.  Under that provision, the one-year limitations period runs from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed the November 17, 2009 judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 26, 2010. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, October 25, 2010. Accordingly, Petitioner had one year, until October 25, 2011, in which to file his habeas petition concerning the November 17, 2009 judgment of conviction. Petitioner filed the instant petition on April 20, 2012. As a consequence, had he been challenging his original judgment of conviction, his application would clearly have been time-barred.

Petitioner, however, challenges the April 6, 2010 amended judgment, not the original November 17, 2009 judgment. Petitioner did not file a direct appeal of his amended judgment of conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, or until April 6, 2011, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when

the petitioner's time expires for seeking state-court review).  Consequently, Petitioner's conviction became final on April 6, 2011.

Petitioner therefore had one year, or until April 6, 2012, in which to file his habeas application seeking relief from the April 6, 2010 amended judgment of conviction.  Petitioner filed on April 20, 2012.  Because he filed more than one year after the time for direct review expired, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.

1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").   Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  October 9, 2012                              /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge




### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).